IN THE COURT OF CRIMINAL APPEALS


OF TEXAS








NO. 479-03







EX PARTE THOMAS FRANKLIN SHOE







ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY






 Per curiam.

 O P I N I O N 




 In 1997, Appellant received 40 days in jail and no fine pursuant to a plea bargain for a
DWI that occurred in 1993. The 1997 DWI conviction and an out-of-state DWI conviction
were used to enhance a subsequent 1999 DWI to a felony offense. Appellant filed an
application for writ of habeas corpus in the trial court pursuant to the Texas Constitution
claiming that the 1997 conviction was void because the offense required a fine of $100 to
$2000 and no fine was imposed. The trial court denied the habeas application. 

 The Court of Appeals determined that the sentence in the 1997 conviction was
unauthorized because it fell below the minimum sentence provided by law and amounted to 
fundamental error. Ex parte Shoe, No. 2-02-099-CR (Tex. App-Fort Worth, delivered
February 20, 2003). Accordingly, the Court of Appeals reversed the judgment and remanded
the case to the trial court. The State filed a petition for discretionary review.

 In its third ground for review, the State contends that the Court of Appeals erred by
failing to address the estoppel argument raised in its appellate brief. Rule 47.1 of the Rules
of Appellate Procedure requires a court of appeals to address every issued raised and necessary
to final disposition of the appeal. Because the estoppel argument was "necessary to final
disposition of the appeal," the Court of Appeals was required to address this issue. 
Therefore, we grant ground three of the State's petition for discretionary review, vacate the
judgment of the Court of Appeals, and remand the case to that court for consideration of the
State's estoppel argument. We refuse the State's first and second grounds without prejudice.


Date delivered: October 8, 2003


Do not publish